Eyla M. Ramírez, Appellant, *v.* Registrar of Property of Aguadilla, Respondent.

No. 1116. Submitted January 10, 1943.—Decided January 27, 1943.

*José Veray, Jr.,* for petitioner.

Mr. Justice Travieso delivered the opinion of the court.

By public deed of October 21, 1942, Doña Joaquina Labadie Pellot leased to petitioner herein five rural properties for a period of ten years. When the said deed was presented for recordation in the Registry of Property of Aguadilla, the registrar made the corresponding entries, putting the following note at the foot of the deed:

"Curable defect: The above-mentioned entries are made with the curable defect that Arturo Barreto, husband of the lessee has not accepted the contract in his capacity as manager of the conjugal partnership."

The petitioner prays for a reversal of said note. She alleges that since a married woman is authorized to contract and appear at a trial in her own name, there is no reason whatsoever why she may not appear in a contract of lease where the real property of the conjugal partnership is not being encumbered; and that since a woman is authorized to acquire property by lucrative title, without her husband's consent, she may also lease real property in her own name.

In support of his refusal, the respondent registrar maintains that even though it is true that this court has decided in *Giménez* v. *Registrar of Property,* 21 P.R.R. 314; *Peraza* v. *Registrar of Arecibo,* 30 P.R.R. 496 and *Sojo* v. *Registrar of San Juan,* 35 P.R.R. 785, that a married woman may acquire real property without the appearance of her husband in the deed or without his consent to such acquisition, said decision is inapposite to a case like the present, where there is involved a contract of lease which by its nature and length of time imposes future obligations on the conjugal partnership; and since the husband is the only administrator of said partnership those future obligations may not be imposed upon him without his consent.

Section 61 of the Spanish Civil Code, which provided that without permission or authorization of the husband, the wife could not acquire by lucrative title or contract obligations, was repealed by our revised Civil Code of 1902, §1327 (§1312, 1930 ed.) of which provides that the husband is the administrator of the conjugal partnership with the only exception provided by §1328 (§1313, 1930 ed.) to the effect that he may not alienate or encumber by lucrative title the community property without the express consent of his wife. In *Peraza* v. *Registrar of Arecibo, supra,* and in *Sojo* v. *Registrar of San Juan, supra,* this court decided that the Civil Code admits the capacity of the wife to acquire property by lucrative title without there being a legal requirement that the husband must give his consent. The case of

*Longpré* v. *Registrar of San Juan*, 24 P.R.R. 835, was expressly reversed by *Sojo* v. *Registrar of San Juan,* wherein it was held that "a wife may buy property in her own name although of course the property acquired presumptively belongs to the matrimonial society." The decision of this latter case revived and gave new force to that of *Giménez* v. *Registrar of Property,* 21 P.R.R. 314, wherein it is stated as follows:

"It is true that the husband is the administrative head of the conjugal partnership, but it does not necessarily follow that the wife is incapacitated to accept a deed of conveyance without his consent. Aside from the mere question of administration, our attention has been drawn to no section of the code that draws any distinction whatsoever between the spouses, and the general tenor and spirit of the law in dealing with husband and wife and community property consistently negatives such idea of any further distinction. The significant omission from our local code of article 61 of the Spanish Code, which expressly provides that the wife cannot without permission or power of attorney from her husband acquire either by onerous or lucrative title, nor alienate her property nor bind herself except in the cases and under the restrictions provided for by law, also clearly indicates, to say the least, that we should not be unmindful of the maxim *ubi lex non distinguit, nec nos distinguere debemus.*"

If the law draws no distinction whatsoever between the things that a married woman may acquire by lucrative title without her husband's consent, what authority have we to hold, without violating the above-copied maxim, that a woman may buy a property but may not lease the same without her husband's permission? The distinction which the respondent tries to establish between a contract of sale and a contract of lease, to the effect that the former does not impose future obligations, as does the latter, is not very convincing. Of course, if the wife buys a farm and pays the price thereof in cash, said transaction, consummated by the delivery of the property and payment of the price thereof, does not bind the conjugal partnership for future obliga-

tions. Likewise, it is clear that if the wife buys the property on the installment plan, this transaction binds the conjugal partnership to pay the price of the stipulated installments, which is an obligation identical to that of paying the rentals stipulated in the contract of lease.

See *Fuster* v. *Paonesa*, 43 P.R.R. 729; *Solé & Co., S. en C.* v. *Sepúlveda*, 41 P.R.R. 807, and *Segarra* v. *Vivaldi*, 59 P.R.R. 797.

The decision appealed from must be reversed and the registrar ordered to record the document without the curable defect noted.